### STATE OF MISSOURI v. KETTLE RIVER CO.

(Circuit Court of Appeals, Eighth Circuit. April 10, 1914.)

No. 3898.

CORPORATIONS (§ 652*)—FOREIGN CORPORATIONS—PENALTY FOR VIOLATION OF STATUTE—CONDITIONS PRECEDENT.

Under Rev. St. Mo. 1899, § 1025, requiring foreign corporations to file a copy of their charter and a sworn statement of the proportion of their capital invested in Missouri with the Secretary of State and to pay into the state treasury certain incorporating taxes and fees as a prerequisite to a certificate from the Secretary of State authorizing them to do business, and section 1026 imposing a penalty of not less than $1,000 for neglect or failure to comply therewith, making it the duty of the Secretary of State, when advised of a violation, to report the fact to the prosecuting attorney of the county, and providing that the prosecuting attorney shall, as soon thereafter as practicable, institute proceedings to recover such

---
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

penalty, a report by the Secretary of State is a condition precedent to an action by the prosecuting attorney.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2537, 2549; Dec. Dig. § 652.*

Foreign corporations doing business in state, see notes to Wagner v. J. & G. Meakin, 33 C. C. A. 585; Ammons v. Brunswick-Balke Collender Co., 72 C. C. A. 622.]

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action by the State of Missouri against the Kettle River Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Wilson Cramer, of Jackson, Mo. (Lane & Alexander and James H. Doris, all of Cape Girardeau, Mo., on the brief), for plaintiff in error.

I. R. Kelso, of Cape Girardeau, Mo. (J. G. Miller, of Cape Girardeau, Mo., on the brief), for defendant in error.

Before HOOK, ADAMS, and SMITH, Circuit Judges.

HOOK, Circuit Judge. The prosecuting attorney of Cape Girardeau county, Mo., brought an action in the name of the state against the Kettle River Company, a Minnesota corporation, to recover a penalty of $50,000 for doing business in Missouri without first obtaining from the Secretary of State a certificate of permission. The trial court held the action was brought without proper authority. The case depends on sections 1025 and 1026, Rev. Stat. of Mo. 1899. The first requires every corporation of another state organized for gain, "now or hereafter doing business within this state," to file with the Secretary of State a copy of its charter and a sworn statement of the proportion of its capital represented by its property and business in Missouri and to pay into the state treasury certain incorporating taxes and fees, as a prerequisite to a certificate from the Secretary of State authorizing it to do business. Section 1026 imposes a penalty of not less than $1,000 for neglect or failure to comply with the statute recoverable in any court of competent jurisdiction, makes it the duty of the Secretary of State, when advised of a violation, to report the fact to the prosecuting attorney of the county where the business of the corporation is located, and provides that the prosecuting attorney shall, as soon thereafter as practicable, institute proceedings, etc.

We think the trial court was right in holding it was the intent of the statute that a report by the Secretary of State should be a condition precedent to an action by the prosecuting attorney. The statute is highly penal; the fine prescribed being without limit above the sum of $1,000. An example of what might be done under it is shown by the present action in which the penalty demanded is $50,000, though the company had fully complied with the statutory requirements about six months before it was brought. Such statutes should be fairly construed to give effect to the legislative intent, but care should be taken not to go beyond. When the statute in question was enacted, it was doubtless recognized that many foreign corporations were already doing business in the state; that many others would come afterwards; and that,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as we all know, many violations of such laws are inadvertent and un-intentional and are corrected at once upon notice.  Again it is quite likely that some might be engaged in business not in a single locality but in many counties of the state, and a large number of proceedings might result in confiscation rather than an adjustment of the punish-ment to the offense.  These and other considerations of like character may well have suggested the propriety of some supervision over the enforcement of the law and some restraint upon hasty and indiscrimi-nate prosecutions.  The office of the Secretary of State is the source of the authority of foreign corporations to engage in business in the state.  The showing is made there which fixes the fees and taxes to be paid.  The jurisdiction of the Secretary being coextensive with the limits of the state, his power or duty of precedent action would insure a harmonious and efficient administration of the law.  Unless the clause in which the word "thereafter" appears be given the meaning attributed to it, it serves no particular purpose in the legislation; with-out it the prosecuting attorney would have had adequate authority un-der the general laws.  Such restraints upon local official activities are not uncommon in legislation.  An important instance may be found in section 4 of the Sherman Anti-Trust Act (Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3201]);  Minnesota v. Northern Securities Co., 194 U. S. 48, 24 Sup. Ct. 598, 48 L. Ed. 870.  The val-ue of such supervision is commonly recognized.  We pass the conten-tion of the company that this action, though in the name of the state, is prosecuted by private counsel to serve private ends, also the conten-tion that the business of the company was interstate commerce, and therefore not within the statute.

The judgment is affirmed.